In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3067

DILIPKUMAR PATEL,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review from an
Order of the Board of Immigration Appeals.
No. A097 838 086

SUBMITTED APRIL 14, 2009—DECIDED SEPTEMBER 16, 2009

Before KANNE, ROVNER and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Dilipkumar Patel, a citizen of India, illegally entered the United States in December 2004 and was placed in removal proceedings in January 2007. Patel conceded removability but applied for withholding of removal on the basis of past persecution. Initially, he asserted that in 2004 he was attacked in India three times on account of his religious and political beliefs.

During a hearing before the Immigration Judge ("IJ"), however, Patel said instead that he was attacked for "business reasons." The IJ accordingly denied Patel's application, and the Board of Immigration Appeals ("BIA") affirmed that decision.

Patel petitions this court for review. He raises the following four arguments: (1) the IJ abused his discretion by refusing to continue Patel's hearing; (2) substantial evidence does not support the BIA's conclusion that he does not have a well-founded fear of persecution; (3) the BIA erred by rejecting Patel's claims for asylum and relief under the Convention Against Torture; and (4) he is entitled to a new hearing because he received ineffective assistance of counsel the first time around. Our jurisdiction is questionable with respect to some of these arguments, and we find the rest to be without merit. We thus dismiss in part and deny the rest.

We first take up Patel's complaint about the IJ's refusal to give him a continuance. Two months before the November 15 hearing, Patel's attorney made this request. The attorney explained in a letter that he needed the continuance because he had another hearing scheduled at the same time as Patel's hearing. The IJ denied the request, and Patel's attorney managed to arrange things so that he could appear. During the hearing, however, the attorney offered a new reason why a continuance was still necessary: Patel needed more time to obtain additional documents. The IJ was not moved to change his ruling, and the BIA expressly found that the IJ had acted within his discretion in this respect.

Under the law as it currently stands in this court, we may lack jurisdiction to review (as a stand-alone matter) the denial of a request for a continuance. *Ali v. Gonzales*, 502 F.3d 659, 660-61 (7th Cir. 2007). We recognize that the Supreme Court recently granted *certiorari* in a related case, *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), and thus it is possible that the Court's decision in *Kucana* may require a change in *Ali* as well. See *Kucana v. Holder*, 129 S. Ct. 2075 (2009). There is no need to hold Patel's case for *Kucana,* however. To the extent that Patel is asking us to review the order of removal, we have jurisdiction under 8 U.S.C. § 1252(b). And if the Court rules that we would have independent jurisdiction over the denial of continuance, that change would not help Patel, because his claim fails on the merits. We would review the denial of a continuance only for an abuse of discretion. *Hassan v. INS*, 110 F.3d 490, 492 (7th Cir. 1997). Here, as the BIA noted, the IJ acted reasonably in refusing to continue the hearing. Patel had known of the removal proceedings since February 2007; he had been represented by counsel since March 1, 2007; he already had received multiple continuances before November 15; the original request for a continuance did not mention any need for extra time in order to obtain documents; Patel did obtain police reports relating to the three attacks; and Patel has never identified what additional evidence he would have obtained with more time. We therefore dismiss this part of the petition for lack of jurisdiction; in the alternative, we deny it for lack of merit.

Next, we turn to Patel's attack on the BIA's conclusion that he did not have a well-founded fear of persecution,

based either on past persecution or future persecution. This finding is critical both to any claim for asylum that he may have and to his effort to win withholding of removal. An alien qualifies for withholding of removal if she proves "a clear probability" that she will face persecution. *INS v. Stevic*, 467 U.S. 407, 413 (1984); see 8 U.S.C. § 1231(b)(3); *Dong v. Gonzales*, 421 F.3d 573, 576 (7th Cir. 2005). A showing of past persecution—infliction of harm on account of a protected ground—creates a rebuttable presumption of future persecution. 8 C.F.R. § 208.16(b)(1)(i); *Dong*, 421 F.3d at 576-77.

Patel nipped his own asylum argument in the bud when he specifically waived it during his November 15 hearing. That was a reasonable thing to do, because despite the fact that Patel had filled out an application for asylum, he had failed to submit that application within one year of his arrival in the United States and thus was ineligible for asylum under the ordinary rules. See 8 U.S.C. § 1158(a)(2)(B). "Extraordinary circumstances" could excuse the failure to apply within the permitted time, see 8 U.S.C. § 1158(a)(2)(D), but the only excuses Patel offered were that he did not know of the one-year requirement and that he was afraid of deportation. There are several reasons why these arguments cannot succeed. First, as the government points out, Patel's waiver means that he never presented this claim to the agency, and thus he failed to exhaust it. That failure precludes our consideration of this point. *Zeqiri v. Mukasey*, 529 F.3d 364, 369-70 (7th Cir. 2008). Second, we have considered the determination of extraordinary circumstances for this purpose to be a fact-bound inquiry that

falls outside our jurisdiction. *Khan v. Filip*, 554 F.3d 681, 687 (7th Cir. 2009). Finally, we add for the sake of completeness that neither of his excuses strikes us as anything extraordinary.

Patel bases his claim for withholding of removal on past persecution. He argues that the three attacks he suffered in 2004 were on account of his religion— Hinduism—and his political activities with India's Congress Party. The IJ accepted Patel's testimony that the attacks occurred, but he found that business reasons, not politics or religion, motivated the attacks. The BIA agreed with this finding. Because the BIA's opinion adopts and supplements the IJ's opinion, our review encompasses both. *Pavlyk v. Gonzales*, 469 F.3d 1082, 1087 (7th Cir. 2006). We would grant the petition only if the decision is not " 'supported by reasonable, substantial, and probative evidence.' " *Mema v. Gonzales*, 474 F.3d 412, 416 (7th Cir. 2007).

The record here contains ample evidence supporting the BIA's ruling. On November 15, 2007, Patel testified in front of the IJ. During that testimony, Patel repeatedly said that he was attacked because of his business. The following are four examples of such testimony:

- A [Patel]: They were—it was effecting [*sic*] their business because I was doing business in their area that was the leveraging of the shops and all that, and they were threatening me that I should leave the city of Ahmedabad. So they were telling me—they were threatening me to leave that city because it was effecting [*sic*] their business. . . .

- Q [Attorney for the Department of Homeland Security]: So these incidents didn't happen to you because of your political beliefs, did they—did it? A: [Patel] No, the incidents that happened with those two people were because of the business reasons. . . .

- Q [IJ]: Well do you know why these people attacked you? A: [Patel] It was because of the business, because my business was doing very well over there, and their business was not doing, was not doing so well.

- Q [IJ]: Well why did these two people threaten and beat you? A [Patel]: It was, it was because of the business reasons. They said my business is doing well and theirs is not doing well.

Furthermore, while Patel's application alleged that politics motivated the attacks, Patel admitted during the hearing that he had limited involvement in politics after 2002. His involvement was so limited, in fact, that Patel did not know that his political party had won the national elections in 2004.

Patel also failed to offer any evidence that would support a finding of a likelihood of future persecution. He claimed at the hearing that his father warned him to remain in the United States because the attackers were still looking for him, but Patel admitted that any future attacks would occur "because of the business." The Board's decision was well supported in all respects, and we thus deny Patel's petition for review from its decision not to grant withholding of removal.

Patel has also included in his petition to this court a claim that he qualifies for relief under the Convention Against Torture. Like his asylum claim, however, he never requested this relief from either the IJ or the BIA. He has therefore waived it.

Finally, Patel argues that this court should remand this case for a new hearing because Patel received ineffective assistance of counsel. While we doubt the merit of this argument, we lack jurisdiction to consider it. Patel raised this issue before the BIA for the first time in a motion to reopen. He filed that motion after petitioning this court for review of his final order of removal. The BIA denied it on December 24, 2008, and Patel has not filed a petition for review of that decision. Without a separate petition, we lack jurisdiction to review this argument. See *Youkhana v. Gonzales*, 460 F.3d 927, 933-34 (7th Cir. 2006).

\* \* \*

We DISMISS the petition for review in part and DENY the remainder of the petition.