In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3710

VECISLAY MILANOUIC, also known as
VECISLAV MILANOVIC,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A98-322-600

ARGUED APRIL 9, 2009—DECIDED JANUARY 6, 2010

Before MANION, ROVNER, and WOOD, *Circuit Judges*.

ROVNER, *Circuit Judge*. Petitioner appeals the Board of Immigration Appeal's (BIA) denial of his request for withholding of removal. We note at the outset that although the caption of the case identifies petitioner as Vecislay Milanouic, he made it clear at the hearing before the Immigration Judge that his name is actually spelled

Vecislav Milanovic. We will refer to Milanovic by the spelling that he has declared to be the correct one in this opinion.

Milanovic, an ethnic Serb, was born in Yugoslavia and came to this country as a non-immigrant visitor in February 1996. He did not leave the country when his authorization expired in July 1996, and on September 24, 2004, the Department of Homeland Security served him with a Notice to Appear charging that he was subject to removal because he had remained longer than his visa allowed. Milanovic subsequently applied for asylum, withholding of removal under § 241(b)(3) of the Immigration and Nationality Act (INA), and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied that relief after an evidentiary hearing, but granted him voluntary departure under § 240B of the INA. 8 U.S.C. § 1229c. Milanovic then appealed to the BIA, which affirmed the IJ in an order dated September 24, 2008. He now appeals to this court.

Milanovic's asylum claim was based upon actions taken against him when he lived in the former Yugoslavia, and on the threat to his sons of conscription in the Serbian army should they return. Milanovic testified at the hearing that he served in the military in the former Yugoslavia between 1979 and 1980. In 1993, he was again called upon to serve in the military, and was sent to Kosovo on maneuvers for 15 days. He fled towards Serbia, and was caught by the military police and detained for 45 days, during which time he was mistreated by the military police. After the 45 days passed, he returned home.

He subsequently became involved in supporting the Serbian Renewal Party against the governing Socialist Party which was led by Slobodan Milosevic. In September 1995, he was at a restaurant speaking to others about opposing the government, when Milosevic supporters— led by a local official who was a member of the Socialist Party, Ratko Zecevic, and several policemen—severely beat him. He suffered serious injuries as a result of that beating, which required hospitalization and resulted in the removal of one of his testicles. Those incidents form the basis of his claim for asylum and withholding of removal.

The IJ denied the asylum claim as untimely, rejecting Milanovic's contention that the potential conscription of his son constituted a changed circumstance justifying the delay. In so holding, the IJ noted that his son's potential conscription was distinct from the political activities that formed the genesis of his claim, that it was not a harm to Milanovic himself, and that in any case it was not timely raised.

The IJ proceeded to address Milanovic's claim for withholding of removal. An alien is entitled to withholding of removal if he can demonstrate a clear probability that his life or freedom would be threatened based on his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); *Ishitiaq v. Holder*, 578 F.3d 712, 717 (7th Cir. 2009); *Patel v. Holder*, 581 F.3d 631, 634 (7th Cir. 2009). Once an alien establishes that he was subject to past persecution, that triggers a rebuttable presumption of

future persecution. 8 C.F.R. § 1208.16(b)(1); *Ishitiaq*, 578 F.3d at 717; *Patel*, 581 F.3d at 634. The government may rebut that presumption by demonstrating—by a preponderance of the evidence—either a fundamental change in circumstances such that the applicant's fear is no longer reasonable, or that the applicant could avoid future persecution by relocating to another part of the country and that it would be reasonable to expect the applicant to do so. 8 C.F.R. § 1208.16(b)(1). The burden of proof to rebut that presumption is on the government. *Id.*

The IJ found that the incident involving the military police was insufficient to demonstrate past persecution and Milanovic does not contest that on appeal. The IJ found credible Milanovic's testimony as to the beating at the restaurant, however, and held that the incident was sufficient to constitute past persecution. Accordingly, Milanovic was entitled to a rebuttable presumption of future persecution. The IJ held, however, that the government demonstrated a change in country conditions that rebutted that fear of future persecution. Specifically, the IJ noted that Slobodan Milosevic had been overthrown, and had died while on trial at the Hague for war crimes. Milosevic's Socialist Party was no longer in power in Serbia, and Milanovic's party, the Serbian Renewal Party, had been elected to some seats in parliament. Accordingly, the government had rebutted the presumption of future persecution. Milanovic did not offer evidence to establish that the threat persisted despite that change in power, and the IJ held that he had failed to meet the criteria for withholding of removal.

At the outset, we note that the transcription of the IJ's oral decision appears to be incomplete, as reflected in the disconnect between the first and second pages. To its credit, the government pointed out that discrepancy in its responsive brief to this court. Milanovic does not complain that the record is incomplete, or that any substantive aspect of the IJ's decision is missing. Moreover, our independent review of the record as a whole makes clear that all portions of the oral decision relevant to the IJ's determination are transcribed, and we can review the decision. We note, however, that this is not the first time in this past year that we have been presented with an incomplete record. *See Patel v. Holder*, 563 F.3d 565, 567 (7th Cir. 2009) (noting that one page of the IJ's decision was missing from the administrative record.) This is unacceptable and we trust that greater care will be exercised in the future to ensure that records presented to this court are accurate and complete.

We turn to the contention raised by Milanovic in this appeal. He argues that the IJ erred in determining that the government had rebutted his showing of past persecution by demonstrating that a transfer in power in Serbia constituted a change in country conditions. Milanovic asserts that it is insufficient for the IJ to rely merely on the country report to rebut a finding of past persecution, and also appears to argue that his claim of persecution was based on a local official's independent actions and therefore the demise of Milosevic does not address the basis of the persecution claim. In affirming the IJ, the BIA relied on the findings of the IJ but added some analysis of its own. In such a circumstance,

we review the IJ's decision as supplemented by the additional reasoning of the BIA. *Mema v. Gonzales*, 474 F.3d 412, 416 (7th Cir. 2007); *Pavlyk v. Gonzales*, 469 F.3d 1082, 1087 (7th Cir. 2006).

As we noted, Milanovic appears to argue on appeal that his claim of persecution was based on the actions of a purely local official and thus the ouster of Milosevic could not constitute a change in country conditions sufficient to rebut the presumption of future persecution. It is questionable as to whether this argument is even preserved, because it is developed to some extent in the recitation of facts, but not in the argument section of the brief. *See Long v. Teachers' Retirement System of Illinois*, 585 F.3d 344, 349 (7th Cir. 2009) ("To present an argument on appeal, a party must develop its position by providing citation to the relevant portions of the record and supporting authority.") If raised, there is the additional problem that this argument was never presented to the IJ or the BIA. Although Milanovic challenged the finding that the country report rebutted his presumption of future persecution, he never challenged it on the ground that the actions of the officials were not tied to the ruling regime. In fact, before the IJ, the persecution was specifically characterized as having taken place at the hands of Milosevic supporters based on Milanovic's support for the opposition party. In his Statement in Support of I0589, Milanovic discussed his membership in the movement opposing Milosevic, and stated that his opposition resulted in the beating at the restaurant at the hands of a well-known Milosevic supporter Ratko Zecevic, stating that he was threatened with further

harm if he continued his anti-Milosevic activities. That is consistent with his testimony at the hearing before the IJ. In fact, during closing arguments, his attorney argued that he had suffered the severe beating by Milosevic supporter Zecevic and the policemen because of his membership in the opposition. Similarly, the Brief in Support of Notice of Appeal states that "supporters and police of President Slobodan [sic] Milosevic, namely Ratko Zecevic who was a judge and an official in his town together with several policemen, beat him severely and inflicted serious injuries on him." Therefore, throughout the administrative process, Milanovic characterized the persecution as having been undertaken by Milosevic supporters because of his opposition to Milosevic. He never asserted that the persecution was perpetrated by local officials acting independently such that the ouster of Milosevic and his party would lose relevance. Instead, the only argument raised to the BIA was the contention that the IJ erred in relying on the country report without giving him an opportunity to rebut it, thus "taking the place of the Trial Attorney for the Department of Home-land Security."

We have made clear that an alien must exhaust all administrative remedies before seeking review in this court, and that the duty to exhaust includes the obligation to present to the BIA each argument against the removal order. *Ishitiaq v. Holder*, 578 F.3d 712, 717-18 (7th Cir. 2009), citing 8 U.S.C. § 1252(d)(1) and *Ghaffar v. Mukasey*, 551 F.3d 651, 655 (7th Cir. 2008). In *Ishitiaq*, we held that Ishitiaq had waived his claim that the IJ had mistakenly equated past persecution with torture. *Ishitiaq*,

578 F.3d at 718. We held that although Ishitiaq had challenged the finding of past persecution, he had based that challenge only on the argument that his case was distinguishable from the two cases relied upon by the IJ. That challenge did not preserve all possible challenges to the past persecution determination, however, but rather exhausted only the specific arguments actually raised. *Id.*

Similarly, in this case, Milanovic raised only a challenge to the procedures used in relying on the country report, and to the role exercised by the IJ in using that report to rebut his presumption. Milanovic did not assert that the country report was insufficient to rebut his claim because the actions of the local officials were not tied to Milosevic or the party. Accordingly, this issue is waived.

Even if it were considered, however, the testimony at the hearing and the standard of review would doom the claim. We review factual findings under the substantial evidence test, and will uphold them if supported by evidence a reasonable mind would find adequate to support the conclusion. *Terezov v. Gonzales*, 480 F.3d 558, 563 (7th Cir. 2007). The IJ determined that the country report constituted a change in conditions sufficient to rebut the presumption of future persecution. We have repeatedly upheld the use of country reports to demonstrate such a change in conditions if the report addresses the specific basis for the alien's fear of persecution; where that individualized assessment is not made, or the report fails to address the basis for the fear of persecution at issue in the case, we have rejected such a use of the country reports. *See Ayele v. Holder*, 564 F.3d 862, 871 (7th

Cir. 2009); *Brucaj v. Ashcroft*, 381 F.3d 602, 607 (7th Cir. 2004); *Berishaj v. Ashcroft*, 378 F.3d 314, 327 (3d Cir. 2004). *See also Pelinkovic v. Ashcroft*, 366 F.3d 532, 540-41 (7th Cir. 2004) (relying in part on the change in conditions following the removal of Milosevic as a basis to uphold BIA decision.)

The question, then, is whether the record supports the IJ's determination that the change in government in Serbia was sufficiently tied to Milanovic's fear of persecution as to rebut the presumption. Here, there is adequate evidence to support the IJ's determination that the removal of Milosevic constituted a change in country conditions sufficient to rebut the presumption of future persecution. At the hearing, the persecution suffered by Milanovic was tied to his actions in opposition to Milosevic and the Socialist Party, and the perpetrators were consistently identified as Milosevic supporters. Accordingly, the IJ could reasonably conclude that with the removal of Milosevic and his party from power, Milanovic would no longer face the fear of future persecution for his actions in working toward that ouster. That does not mean that the country report is dispositive—it rebutted the presumption but did not ordain the outcome. Milanovic could still have proven entitlement to such withholding by demonstrating that the local officials were still in power, or that there was continued persecution in the country against those who had opposed Milosevic, but he did not do so. Although Milanovic states that he was not provided an opportunity to provide such evidence, he raises that contention in one sentence and never develops the argu-

ment, nor does he identify what evidence he would have introduced, and therefore he has not fairly presented that issue in this appeal. *Long v. Teachers' Retirement System of Illinois,* 585 F.3d 344, 349 (7th Cir. 2009) ("A party may waive an argument by disputing a . . . ruling in a footnote or a one-sentence assertion that lacks citation to record evidence.")

Finally, Milanovic contends that the BIA erred in failing to consider his claim for humanitarian asylum. The IJ rejected his claim for asylum because it was not timely filed, and Milanovic has not contested that determination. Therefore, he has presented no grounds for reversal. The decision of the IJ and the BIA is AFFIRMED.