NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012[*]
Decided May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2676

| | |
|---|---|
| PRZEMYSLAW PAWLOWSKI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | A 76 774 310 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Przemyslaw Pawlowski, a native of Poland, applied for cancellation of removal after many years in the United States without permission. After an immigration judge found him

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

ineligible for that relief because of a prior conviction, Pawlowski asked the IJ to continue his removal proceedings so he could seek to vacate the conviction. But the IJ denied his request and ordered removal. Because we find no abuse of discretion in the IJ's ruling, we deny the petition for review.

Pawlowski entered the United States in 1988 with a visitor visa and remained beyond the six-month limit. He pleaded guilty, in 1994, to forgery in violation of ILL. REV. STAT. ch. 38, § 17-3(a)(1) (1994). The offense was a Class 3 felony, *see id.* § 17-3(d), punishable by two to five years imprisonment, *id.* § 1005-8-1(a)(6). On his written guilty plea, the box next to the declaration "the defendant understands that if he is not a U.S. citizen that this plea could result in his deportation" is checked, and he signed the plea document. Also, during his time in the United States, Pawlowski pleaded guilty to driving under the influence of alcohol in February 1997 and June 1998, and to driving with an elevated blood-alcohol level in June 2009.

The Department of Homeland Security placed Pawlowski in removal proceedings in 2009. Pawlowski appeared before the IJ in February 2010 and conceded removability under 8 U.S.C. § 1227(a)(1)(B). The judge continued the hearing for five months so that Pawlowski's counsel could prepare a request for relief. The IJ also instructed the parties to obtain Pawlowski's arrest record, file their evidence, and bring any remaining documents to the next hearing on July 12, 2010.

Pawlowski applied for cancellation of removal, citing the hardship that removal would cause his 15-year-old son. He also disclosed his forgery conviction, a crime involving moral turpitude, which, the IJ correctly observed, made him ineligible for cancellation of removal. 8 U.S.C. §§ 1229b(b)(1)(C); 1182(a)(2)(A). Pawlowski asserted that his criminal attorney in 1994 had failed to advise him of the immigration consequences of pleading guilty to that crime, and he sought a continuance to ask the state court to vacate the conviction under *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). *Padilla* holds that the Sixth Amendment requires counsel to inform a client whether a guilty plea carries a risk of removal. Pawlowski attached a letter from his criminal counsel stating that counsel was "working on reopening" the forgery case.

The IJ denied Pawlowski's motion to continue the case, explaining that Pawlowski had not submitted persuasive evidence that he would be eligible for post-conviction relief. Had Pawlowski submitted the transcript from his guilty plea or other documentation illustrating that he was not informed of the immigration consequences of his guilty plea, the IJ reasoned, there would have been sufficient evidence to continue the matter. But, absent that, the IJ was unwilling to give Pawlowski additional time to explore the possibility. Pawlowski appealed to the Board of Immigration Appeals, arguing that the IJ should have

granted his motion for a continuance, but the Board dismissed Pawlowski's appeal for the same reason.

In his petition to this court, Pawlowski reiterates that he seeks to challenge his conviction from 1994 in order to establish that he is eligible for cancellation of removal. Without the continuance, he maintains, he did not have enough time to pursue this relief. Pawlowski concedes that he spoke with several criminal attorneys who explained to him that his conviction is too old to vacate. But he persists that, when he pleaded guilty, no one explained to him the immigration consequences of his plea and that he signed documents he did not understand.

Where, as here, the Board agrees with the IJ's decision, we review the IJ's decision as supplemented by the Board. *See Juarez v. Holder*, 599 F.3d 560, 564 (7th Cir. 2010). Even though a discretionary ruling on the underlying request to cancel removal is unreviewable, we may review the denial of the continuance here because the reason for *that* denial (that he was ineligible for cancellation) did not mean that on the merits the IJ would have denied cancellation as a matter of discretion. *See Calma v. Holder*, 663 F.3d 868, 875, 878 (7th Cir. 2011).

The IJ did not abuse his discretion in denying the continuance. An IJ may grant a continuance for good cause, 8 C.F.R. § 1003.29, but an IJ may also set time limits for filing documents and evidence, 8 C.F.R. § 1003.31(c), and impose reasonable deadlines. *Umezurike v. Holder*, 610 F.3d 997, 1004 (7th Cir. 2010); *Hussain v. Gonzales*, 424 F.3d 622, 626 (7th Cir. 2005). We will uphold an IJ's refusal to continue unless the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group," *Calma*, 663 F.3d at 878; *see Jonaitiene v. Holder*, 660 F.3d 267, 272 (7th Cir. 2011). After an initial five-month continuance, Pawlowski said that he was seeking to have his forgery conviction vacated based on *Padilla* and his claim that no one warned him of the immigration consequences of pleading guilty. But, as the IJ and the Board reasonably explained, Pawlowski could not corroborate this claim (which is contradicted by his written plea), or even offer a plausible reason for the delay in obtaining corroboration. Therefore the agency acted within its discretion declining to grant a continuance based on the unsubstantiated speculation that Pawlowski might receive post-conviction relief. *See Calma*, 663 F.3d at 878–79; *Mozdzen v. Holder*, 622 F.3d 680, 684–85 (7th Cir. 2010); *Patel v. Holder*, 581 F.3d 631, 633–34 (7th Cir. 2009).

In reaching this conclusion, we need not revisit our circuit's holding that *Padilla* is not retroactive, itself a reason that Pawlowski could not have successfully obtained post-conviction relief, *see Chaidez v. Holder*, 655 F.3d 684, 688, 693 (7th Cir. 2011) (holding that

*Padilla* does not apply retroactively on collateral review), *cert. granted* 80 U.S.L.W. 3429 (U.S. Apr. 30, 2012) (No. 11-820). Even if *Padilla* were retroactive, Pawloski's failure to show that he could likely get *his* conviction vacated means that the agency did not abuse its discretion in refusing to continue Pawlowski's removal proceedings. We therefore DENY the petition for review.