NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 29, 2015
Decided September 10, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2838

| | |
|---|---|
| AAMIR ABBAS, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A56-321-911 |
| | |
| LORETTA E. LYNCH, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Aamir Abbas, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals denying his second motion to reopen removal proceedings to seek readjustment of status. Abbas's motion was untimely and numerically barred. The Board acted within its discretion in denying Abbas's motion on the grounds that he neither qualified for equitable tolling nor followed the procedural requirements necessary to obtain reopening based on ineffective assistance of counsel. We therefore deny the petition for review.

## Background

These proceedings have been protracted and confusing. Abbas entered the United States in 2003 as an IR-1 immigrant (the spouse of a U.S. citizen). He and his wife had married in Pakistan two years earlier. In December 2006 United States Immigration and Customs Enforcement received a tip that Abbas was "violent towards his wife and may have married her to obtain legal status." As a result of an investigation, special agents learned that he had a criminal history, including a conviction for domestic battery against his wife in September 2006, *see* 720 ILCS § 5/12-3.2(a)(1), and a second charge of domestic battery from 2004 that later was dropped. The 2006 conviction made him removable, *see* 8 U.S.C. § 1227(a)(2)(E)(i) ("Any alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable") and he was therefore placed in removal proceedings in February 2007.

The proceedings were continued several times over the next few years, and a removal hearing eventually was scheduled for August 2012. A few months before the hearing, Abbas's wife filed a Petition for Alien Relative (Form I-130), which, if approved, would allow Abbas to apply for readjustment of status. *See* 8 U.S.C. § 1151(b)(2). But the day before the hearing, his wife withdrew the petition. At the hearing the government presented a letter from U.S. Citizenship and Immigration Services confirming that Abbas's wife had withdrawn the petition. Abbas's lawyer, Marshall Hong, countered that that the wife had told him that she did *not* withdraw the petition. Hong requested another continuance, but the immigration judge denied it and ordered Abbas removed. The IJ explained that Abbas did not have an approved visa petition, and was removable based on his conviction of a crime of domestic violence. Abbas appealed, and the Board upheld the IJ's decision.

In January 2013 Abbas sought reopening from Board on grounds that his wife had filed a second visa petition, which likely would be approved and thus allow him to try to readjust his status. He attached his wife's affidavit in which she said that she suffered from anxiety and depression, and attributed the earlier withdrawal of the I-130 visa petition to a "lapse" in judgment during her interview with USCIS. The Board denied Abbas's motion, stating that he did not present evidence that his marriage was bona fide. But the Board reconsidered that ruling sua sponte, explaining that it had applied the wrong law: Because Abbas and his wife married before the removal proceedings, reopening required only that he show a prima facie approvable application for adjustment of status, not that his marriage was bona fide. Nevertheless on

reconsideration the Board denied Abbas's motion because he did not submit an application to adjust status and the proper supporting documents as required by 8 C.F.R. § 1003.2(c)(1).

A few weeks after the Board's denial, the visa petition filed by Abbas's wife was approved, and Abbas—through his lawyer Hong—petitioned this court to review the denial of his motion to reopen. Hong didn't submit an appellate brief despite twice being ordered by this court to explain why the appeal should not be dismissed for lack of prosecution. According to Abbas, he eventually checked this court's docket and realized that Hong had not filed a brief. In March 2014 Abbas contacted a new lawyer, who explained to him that the first motion to reopen was unsuccessful because Hong had not supplemented the motion with Abbas's application to adjust status (Form I-485).

Almost one year after the Board's denial, in April 2014, Abbas—now represented by new counsel—filed a second motion to reopen so he could seek readjustment of status. Recognizing that his second motion was untimely and numerically barred, Abbas argued that he was entitled to equitable tolling of those limits because his former lawyer Hong was ineffective in preparing his *first* motion to reopen. Abbas argued that Hong failed to submit his application for adjustment of status with the first motion to reopen, and he did not discover Hong's ineffectiveness until "he contacted current counsel." Abbas attached to his motion a complaint that he submitted to the Illinois Attorney Registration and Disciplinary Commission, accompanied by a letter that his new lawyer had sent to Hong alleging ineffectiveness. Additionally, Abbas asserted, his wife's I-130 Petition had been approved, so he would be eligible to apply for adjustment of status if the Board reopened proceedings. Abbas then dismissed his appeal pending in this court "to pursue other avenues of relief." *Abbas v. Holder*, No. 13-2283, R. 14, Pet'r's Mot. for Voluntary Dismissal.

The Board denied the motion as untimely and numerically barred. The Board rejected Abbas's argument for equitable tolling because Abbas did not act with due diligence during the period in question; indeed he knew of his lawyer's ineffective assistance almost a year earlier, when he received the Board's decision refusing to reopen proceedings the first time. Additionally, the Board concluded, Abbas did not follow the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)[1], to

---

[1] Under *In re Lozada* an alien seeking reopening on the basis of ineffective assistance of counsel must (1) submit an affidavit establishing that he had an agreement with counsel to represent him and detailing the terms of the representation, (2) notify former counsel of the allegations of ineffectiveness and give

reopen based on ineffective assistance—specifically he did not notify Hong of the allegations against him with time to respond, nor did he detail the nature of his retainer agreement with Hong.

Two weeks after we heard oral argument in Abbas's appeal, the government submitted a letter notifying us that on May 13, 2015, Abbas's wife had asked to withdraw the I-130 visa petition she submitted in September 2012 on behalf of her husband.

**Analysis**

In this petition Abbas challenges the denial of his second motion to reopen on grounds that the Board should have equitably tolled the time and number limits on motions to reopen because Hong was ineffective. Abbas insists that he exercised due diligence in discovering Hong's ineffective assistance because he tried to contact Hong several times without success (he doesn't say when). He says that he discovered Hong's ineffective assistance only in April 2014 when he consulted his current attorney, and then he promptly moved to reopen.

Aliens are permitted by statute to file one motion to reopen that must be filed within 90 days after the final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The doctrine of equitable tolling may excuse a party's compliance with statutory limits—such as those for motions to reopen—in extraordinary circumstances if he was prevented from complying with the deadlines through no fault of his own. *See Yuan Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008); *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010). In the context of a successive or untimely motion to reopen immigration proceedings, a petitioner seeking the application of equitable tolling must show that he could not reasonably have been expected to file the motion earlier. *See El-Gazawy v. Holder*, 690 F.3d 852, 859 (7th Cir. 2012); *Gaberov v. Mukasey*, 516 F.3d 590, 594 (7th Cir. 2008); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005).

The Board did not abuse its discretion in concluding that Abbas reasonably could have filed his second motion to reopen earlier. Abbas filed his second motion in April 2014—well after 90 days had passed from the Board's final order of removal in

---

counsel the opportunity to respond, and (3) if the attorney violated ethical or legal obligations, show that the alien has filed a complaint with the appropriate disciplinary authority, and if not, why not. *Marinov v. Holder*, 687 F.3d 365, 368–69 (7th Cir. 2012).

November 2012. And Abbas should have known in May 2013 about Hong's ineffective assistance because the Board's decision, which was mailed to him on May 14, 2013, explained that his first motion was unsuccessful because he had not attached his application to adjust status and the relevant supporting documents. Abbas knew that Hong had prepared and submitted that motion and attachments, yet he did not question Hong's failure to submit the required documents until nearly a year later. Abbas, who is fluent in English, has never disputed that he received the Board's decision, nor argued that he did not understand it. And Abbas's unsubstantiated assertions that he "repeatedly" tried to contact Hong did not show that he somehow was prevented from moving to reopen earlier.

Abbas next challenges the Board's conclusion that he could not show ineffective assistance of counsel because he did not satisfy the *Lozada* requirement that he notify Hong of the charges against him with time to respond. *See In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Abbas says that three days before submitting his second motion to reopen, he wrote Hong that he was dissatisfied with his work, but Hong "chose not to respond."

The Board did not abuse its discretion in concluding that Abbas had not satisfied this *Lozada* requirement. Seeking reopening two days after complaining to an attorney registration board has been held insufficient notice because it denies former counsel a realistic opportunity to respond to the charges against him. *See Marinov*, 687 F. at 365, 369; *Asaba v. Ashcroft*, 377 F.3d 9, 12 (1st Cir. 2004). The earliest Hong could have known of Abbas's allegation of ineffectiveness was on April 14, when Abbas mailed his complaint to the Illinois ARDC and his new counsel wrote to Hong. The two days' notice before moving to reopen was not enough to satisfy *Lozada*'s requirement, *see Marinov*, 687 F.3d at 369; *Asaba*, 377 F.3d at 12, and Hong's eventual response to the ARDC (which Abbas attached to his appellate brief) was not part of the record before the Board. The Board thus could not have abused its discretion in not considering it. *See Cruz-Moyaho v. Holder*, 703 F.3d 991, 998 (7th Cir. 2012) (Board could not adjudicate case based on information not before it).

Abbas also challenges the Board's conclusion that he failed to satisfy another *Lozada* requirement that he provide details about the scope of work Hong agreed to do for him. *See In re Lozada*, 19 I. & N. Dec. at 639. He asserts that he "cannot recollect" whether he and Hong had a "written retainer agreement." But whether Abbas presented evidence of his agreement with Hong is immaterial because he did not comply with *Lozada*'s notification requirement. In any event adherence to *Lozada*'s procedural

requirements is not by itself sufficient to obtain discretionary reopening. *See Lin Xing Jiang v. Holder*, 639 F.3d 751, 755 (7th Cir. 2011); *Jezierski v. Mukasey*, 543 F.3d 886, 889 (7th Cir. 2008).

The petition for review is DENIED.