NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 24, 2018
Decided May 24, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-3097

| | |
|---|---|
| IGNACIO ABARCA-MARTINEZ, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A200-777-811 |
| JEFFERSON B. SESSIONS III, Attorney General of the United States, *Respondent*. | |

# O R D E R

Ignacio Abarca-Martinez, a 44 year-old Mexican citizen, petitions for review of the denial of his motion to reopen proceedings on his application for cancellation of removal—an application that the Immigration Judge deemed abandoned after his attorney failed to submit his application or fingerprints on time. Abarca-Martinez moved to reopen five years later based on ineffective assistance of counsel, but the IJ denied the motion as untimely, and the Board of Immigration Appeals affirmed. Abarca-Martinez argues that the Board erred by not excusing the untimeliness. We deny the petition because Abarca-Martinez has not displayed due diligence.

Ignacio Abarca-Martinez entered the United States without authorization in 1994. He is married to a Mexican citizen, and they have four U.S.-citizen daughters. In 2010, Abarca-Martinez came to the attention of the immigration authorities and was charged as deportable for being present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i). He contacted Alicia Navarette, who advertises "immigration services" but is not an attorney. Navarette, however, introduced Abarca-Martinez to attorney Sarah Schmeiser. Abarca-Martinez retained Schmeiser, but since she did not speak Spanish, Abarca-Martinez communicated with her through Navarette, who attended all of their meetings and responded to Abarca-Martinez's phone calls.

At his hearing before Immigration Judge Cuevas in 2011, Schmeiser said that she intended to apply for cancellation of removal on Abarca-Martinez's behalf. The IJ set a scheduling order and required Abarca-Martinez to attend a biometrics appointment to have his fingerprints taken and to submit his application before the next hearing. Schmeiser, through Navarette, assured Abarca-Martinez that she would set up his fingerprinting appointment. Abarca-Martinez said in an affidavit that he "follow[ed] up," and Navarette assured him that Schmeiser was handling everything.

The second hearing, which took place in April 2012, culminated in the rejection of his application for cancellation of removal. There is no transcript available, but the parties agree that Schmeiser filed the application late, waiting until the hearing to submit it. The IJ rejected the filing as late and said that he considered the application abandoned because Abarca-Martinez did not complete his fingerprinting before the hearing. Even though Schmeiser admitted fault for the untimely filing and the failure to complete the necessary biometric checks, IJ Cuevas did not excuse the lateness. He deemed the application abandoned, ordered Abarca-Martinez removed, and said that he could appeal.

Abarca-Martinez says that he did not understand what happened at the hearing because Schmeiser's admission of error was not translated into Spanish. After the hearing, he spoke with Schmeiser, through his cousin who attended the hearing, and she promised to have Abarca-Martinez's case reopened in front of another judge. From then on, Abarca-Martinez sought updates every three or four months from Navarette, and she always assured him that his case was progressing.

In September 2016, four-and-a-half years after being ordered removed to Mexico, Abarca-Martinez asked Navarette for another update about reopening his case, and she

told him that she no longer worked with Schmeiser. Abarca-Martinez's English-speaking daughter called Schmeiser, who replied—to Abarca-Martinez's surprise—that his case was closed.

Abarca-Martinez hired his current attorney the next month. His attorney promptly wrote Schmeiser and informed her of her alleged ineffectiveness, as required by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Schmeiser repeatedly assured counsel that she was preparing a response, but never sent one. After six weeks, Abarca-Martinez's new counsel sent a grievance against Schmeiser to the relevant disciplinary agency—another requisite step under *Matter of Lozada* for any claimant seeking to reopen his case because of ineffective assistance of counsel.

Counsel then moved to reopen Abarca-Martinez's proceedings based on Schmeiser's alleged ineffectiveness in failing (1) to file a timely cancellation application and (2) to get the required fingerprints taken. IJ Vinikoor denied the motion to reopen as untimely. The IJ found that Abarca-Martinez did not qualify for equitable tolling because he did not show diligence in the intervening years: "it's clear that the respondent was aware of the potential problems with [Schmeiser's] performance immediately after the hearing … the respondent took no further steps for 5 years and apparently even lost touch with his attorney."

Abarca-Martinez appealed the denial of his motion to reopen to the Board of Immigration Appeals. He maintained that he had exercised due diligence and should be given the benefit of equitable tolling. He argued that IJ Cuevas did not mention Schmeiser's ineffectiveness at the hearing. For that reason, he contends, IJ Vinikoor was mistaken when he determined that Abarca-Martinez was given notice at the hearing that Schmeiser's ineffectiveness could be a basis for an appeal. And, he continues, he relied on Schmeiser's legal decisions after the hearing because she continued to represent him on appeal, and she did not suggest to him that he bring a claim based on her ineffective assistance.

The Board upheld the denial of the motion to reopen. The Board agreed with IJ Vinikoor that Abarca-Martinez had not demonstrated due diligence to warrant equitable tolling. The Board also agreed with the IJ that Abarca-Martinez was aware of the problems with Schmeiser's performance immediately after the hearing, given the IJ's rejection of the application and Schmeiser's statements in court about her failures in representation. Although Abarca-Martinez asserted that he contacted Navarette every three or four months for updates on his case, the Board concluded that he had not

corroborated this assertion with any evidence or offered any persuasive explanation for waiting five years to seek reopening.

This court reviews the Board's denial of a motion to reopen for an abuse of discretion, which occurs when the decision lacks a "rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." *Marinov v. Holder*, 687 F.3d 365, 368 (7th Cir. 2012). Where, as here, the Board agreed with the IJ but added its own analysis, we review the IJ's decision as supplemented by the Board's additional reasoning. *Milanouic v. Holder*, 591 F.3d 566, 570 (7th Cir. 2010).

Abarca-Martinez first argues that the Board abused its discretion in refusing to apply the doctrine of equitable tolling to excuse the lateness of his motion to reopen. He says that he deserves the benefit of equitable tolling because he was repeatedly misled by attorney Schmeiser and representative Navarette from April 2012 until September 2016. Because Schmeiser promised after the hearing to reopen the case before another immigration judge, he says that he had no reason to doubt her effectiveness and he maintains that he diligently contacted Navarette every few months to ask when his case would be reopened.

The Immigration and Nationality Act provides a noncitizen one opportunity to move to reopen proceedings within the 90 days following the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). But this time limit is non-jurisdictional and subject to equitable tolling. *See Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005). Counsel's ineffective assistance may warrant equitable tolling if the noncitizen exhibits diligence by seeking relief as soon as reasonably possible and demonstrates prejudice from the lawyer's deficient performance. *See Yusev v. Sessions*, 851 F.3d 763, 767 (7th Cir. 2017). This court reviews whether the individual who seeks equitable tolling acted diligently from the time at which "a reasonable person in the plaintiff's position would have been aware of the possibility that he had suffered an injury." *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006) (internal citations omitted).

The Board acted within its discretion in finding that Abarca-Martinez did not deserve the benefit of equitable tolling. It was Abarca-Martinez's burden to demonstrate that he exercised due diligence and could not reasonably have been expected to file earlier. *See Patel*, 442 F.3d at 1016. But Abarca-Martinez provided insufficient evidence of his diligence. In his affidavit he swears that he contacted Navarette every three or four months for over four years and he provided notes from Schmeiser's files

suggesting that he called Schmeiser's office twice seeking updates in 2012, but he produces no evidence that he pursued his case from 2013 to August 2016. In *El-Gazawy v. Holder*, this court upheld the Board's determination that a petitioner did not demonstrate due diligence when he failed "to offer any support for his claim that he acted diligently" during a two-year period. 690 F.3d 852, 859–60 (7th Cir. 2012). In similar circumstances, this court upheld the Board's determination that a petitioner reasonably could have been expected to file earlier when he asserted only that he repeatedly tried to contact his attorney without success. *Abbas v. Lynch*, 623 F. App'x 802, 805 (7th Cir. 2015). We cannot conclude that the Board abused its discretion given the lack of evidence in the record that Abarca-Martinez diligently pursued his case between 2013 and 2016.

Because Abarca-Martinez has not shown that he exercised due diligence, we DENY the petition for review.