# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3643

STELIAN N. MARINOV,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an of Order of the
Board of Immigration Appeals.
No. A089 303 449

ARGUED APRIL 13, 2012—DECIDED AUGUST 1, 2012

Before BAUER, KANNE, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* Stelian Marinov, a native and citizen of Bulgaria, petitions for review of an order of the Board of Immigration Appeals upholding an Immigration Judge's denial of his motion to reopen an in absentia removal order. Marinov argues that the Board erred in finding he received adequate notice of his removal hearing and in concluding that he failed to satisfy the

standards set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for claiming ineffective assistance of counsel. Finding no error, we deny the petition for review.

## I. Background

Marinov entered the United States in May 2005 as a nonimmigrant exchange visitor, had his status changed to that of a nonimmigrant visitor, and remained in the United States beyond the date authorized. He applied for asylum, and his application was referred to the immigration court. The Department of Homeland Security ("DHS") served Marinov with a Notice to Appear ("NTA"), charging him with removability pursuant to 8 U.S.C. § 1227(a)(1)(B), as an alien admitted as a nonimmigrant who remained in the United States longer than authorized.

An attorney entered an appearance on Marinov's behalf, admitted the allegations in the NTA, conceded removability, and sought transfer of venue from the immigration court in Cleveland, Ohio, to Chicago, Illinois. The motion was granted. On December 18, 2009, the immigration court served notice by mail to Marinov's attorney of record at the address provided on his entry of appearance form, advising that a hearing in Marinov's case was set for August 3, 2010. The attorney attended the hearing; Marinov did not. The Immigration Judge ("IJ") found that notice of the hearing was given to Marinov, he had a reasonable opportunity to be present but did not appear, and no reasonable cause was given for his absence. The IJ therefore ordered

Marinov removed in absentia pursuant to 8 U.S.C. § 1229a(b)(5)(A).

On September 24, 2010, Marinov, represented by new counsel, filed a motion to reopen removal proceedings based on a lack of notice and exceptional circumstances. He argued that he was not provided with actual notice of the hearing because notice was not mailed to his home address, although he conceded notice was sent to his counsel. He also argued that he failed to appear for his hearing because of the ineffective assistance of his former counsel in failing to notify him of the hearing date. Marinov claimed that it was not until the day before the hearing that his former counsel first notified him of the hearing date by leaving a voice message. Marinov did not listen to the message until the morning of the hearing. By that time, however, it was too late for him to appear at the hearing. (He lived in Wisconsin Dells, Wisconsin, approximately 200 miles from Chicago.) Marinov also alleged that his former counsel made several factual misrepresentations to the IJ at the hearing. The motion to reopen included a copy of Marinov's attorney disciplinary complaint, stamped received by the Illinois Attorney Registration and Disciplinary Commission ("ARDC") on September 21, 2010. The complaint detailed Marinov's relationship with his former counsel and alleged that counsel did not notify him of the hearing until the day before and misrepresented to the IJ the reasons for Marinov's absence.

On October 1, 2010, the IJ denied Marinov's motion to reopen. She decided that he received proper notice of

the hearing because notice was mailed to his counsel of record. The IJ recognized that ineffective assistance of counsel may constitute exceptional circumstances warranting a reopening, but found that Marinov failed to comply with the standards of *Matter of Lozada* for reopening based on ineffective assistance of counsel. Specifically, she found that he had not provided evidence that his former counsel was informed of the allegations against him or afforded an opportunity to respond.

Marinov appealed to the Board, which agreed that he received proper notice because it was undisputed that written notice was provided to his counsel of record. The Board recognized Marinov's claim that former counsel failed to notify him of the hearing date as an ineffective-assistance-of-counsel claim, which can constitute exceptional circumstances for purposes of rescinding an in absentia removal order. But it agreed that Marinov had not satisfied all the *Matter of Lozada* criteria, namely the requirement that counsel be notified of the allegations and allowed an opportunity to respond before the allegations of ineffective assistance are presented to the Board. It rejected the argument that the ARDC complaint satisfied this requirement, concluding that the bar complaint and notice to counsel were two separate requirements. The Board also noted that Marinov filed his motion to reopen only 3 days after filing his ARDC complaint, which denied former counsel any realistic opportunity to have received the allegations and respond to them. And it concluded based on the ARDC complaint procedures that it wasn't clear the attorney would be notified of the allegations

in the complaint. Thus, the Board dismissed the appeal and Marinov sought judicial review.

## II. Analysis

Marinov first argues that the Board erred in finding that he received adequate notice of his August 3, 2010 hearing. His argument is based on the fact that he did not receive personal service. He concedes his attorney received notice but argues that counsel failed to reasonably inform him of the hearing. Second, Marinov argues that the Board erred in finding that he failed to satisfy the *Lozada* requirements for raising ineffective assistance of counsel. This argument is based on Marinov's filing of an ARDC complaint, which he claims includes a provision for notification to the attorney. Third, Marinov argues that former counsel's false statements and representations to the IJ at the hearing constitute *per se* ineffective assistance of counsel and justify reopening the proceedings even if Marinov did not comply with *Lozada*.

We have jurisdiction to review the Board's decision upholding the denial of a motion to reopen removal proceedings. *Kucana v. Holder*, 130 S. Ct. 827, 831 (2010); *Lin Xing Jiang v. Holder*, 639 F.3d 751, 754 (7th Cir. 2011). We review the decision for an abuse of discretion, upholding it unless it was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. *Lin Xing Jiang*, 639 F.3d at 754.

"Any alien who, after written notice . . . has been provided to . . . [his] counsel of record, does not attend a

proceeding under this section, shall be ordered removed in absentia" if it is established that written notice was provided and the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded if the alien files a motion to reopen and establishes that he did not receive proper notice or "that the failure to appear was because of exceptional circumstances." *Id.* § 1229a(b)(5)(C). Mailing notice of a removal proceeding date to the alien's attorney of record at the correct address constitutes notice to the alien. 8 U.S.C. § 1229(a)(2)(A); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005); 8 C.F.R. § 292.5(a). Marinov does not dispute that notice was sent to his attorney of record at the correct address. Therefore, the Board correctly decided that Marinov received proper notice of the August 3 hearing.

Ineffective assistance of counsel can constitute an exceptional circumstance that excuses an alien's failure to appear and allows reopening of the removal proceedings and rescission of a removal order. *In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473-74 (BIA 1996). However, the alien must satisfy the criteria set forth in *Matter of Lozada* for claiming ineffectiveness of counsel: "(1) submit an affidavit establishing that she had an agreement with counsel to represent her and detailing its terms; (2) present evidence that she has given notice to her counsel of the ineffectiveness claim and an opportunity to respond to the allegations, and include any response she has received; and (3) if the attorney violated his ethical or legal obligations, show that she has filed a complaint with the governing disciplinary authorities or

explain why she has not done so." *Lin Xing Jiang*, 639 F.3d at 755 (citing *Matter of Lozada*, 19 I. & N. Dec. at 639). "We have sustained repeatedly the validity of these requirements." *Id.* (citing cases). Satisfying them "is a necessary condition to obtaining reopening on the basis of ineffective assistance of counsel." *Id.*

The Board determined that although Marinov met two of the requirements, he did not comply with the notification-to-counsel requirement. Marinov asserts that he followed the procedures of the Illinois ARDC for attorney complaints and argues that this satisfied *Lozada*'s notification requirement. He maintains that attorneys are generally notified of complaints through the ARDC process. Even if this is correct, there is no indication that attorneys are always notified of a complaint, as evidenced by the ARDC procedures: "*If* we decide to investigate, our investigation *generally* includes sending a copy of the information that you provided to the lawyer being investigated. We will ask the lawyer to respond. Typically, the lawyer will send us his response about two to four weeks thereafter." http://www.iardc.org/htr_filingarequest.html (last visited July 27, 2012). And as the Board observed, the notification requirement and the disciplinary complaint requirement are two separate and distinct requirements. *See Patel v. Gonzales*, 496 F.3d 829, 831-32 (7th Cir. 2007) (explaining the importance of *Lozada*'s two-step notification requirement).

Moreover, Marinov filed his motion to reopen only 3 days after the ARDC had received his bar complaint. He does not challenge the Board's conclusion that his

timing denied former counsel any realistic opportunity to receive and respond to the allegations of ineffectiveness. The Board's conclusion is reasonable, particularly given that the ARDC recognizes that, typically, a lawyer will respond to a complaint 2 to 4 weeks after the ARDC sends a copy of the complaint to the lawyer. Even if filing a bar complaint could in some circumstances satisfy both of *Lozada*'s notice requirements, it did not do so here when Marinov's former counsel had an inadequate opportunity to respond to the allegations. *See Asaba v. Ashcroft*, 377 F.3d 9, 12 (1st Cir. 2004) (concluding that mailing notice to counsel 3 days before filing motion to reopen "does not provide [counsel] an 'adequate opportunity to respond'").

Marinov argues that his ineffectiveness claim is not meritless and there was no collusion with former counsel, which are some of the goals to be advanced by *Lozada*'s requirements. *See* 19 I & N. Dec. at 639. Nonetheless, we have upheld the Board's exercise of discretion where its decision is based on noncompliance with *Lozada*. *See, e.g.*, *Ghaffar v. Mukasey*, 551 F.3d 651, 656 (7th Cir. 2008) ("Ghaffar did not comply with any of the Lozada requirements. Consequently, the Board acted well within its rights to deny his motion for remand."); *Stroe v. I.N.S.*, 256 F.3d 498, 504 (7th Cir. 2001) ("[W]e have difficulty understanding how an alien who fails to comply with the Board's criteria can succeed in challenging its decision.").

Finally, Marinov argues that his former counsel's misrepresentations at the removal proceeding were *per se*

ineffective assistance, and he implies that *per se* ineffective assistance should be excepted from *Lozada*'s requirements. Yet Marinov did not raise this argument with the Board. He claims that he raised the matter of counsel's misrepresentations to the IJ at the hearing. But he did not argue that the misrepresentations waived the necessity of compliance with *Lozada*. Instead, he argued that the IJ erred in finding that he failed to satisfy the *Lozada* requirements. So the argument that claims of *per se* ineffective assistance should be excepted from *Lozada* is unexhausted and we cannot consider it. *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389-91 (7th Cir. 2011).

In any event, we have not made an exception to *Lozada*'s requirements for *per se* ineffectiveness. *Cf. Stroe*, 256 F.3d at 503-04 (noting that some cases have allowed an alien who has not complied with *Lozada* to establish ineffective assistance of counsel but the cases were mainly from the Ninth Circuit, which has been hostile to the Board). And Marinov offers no reason why making such an exception would be consistent with *Lozada*'s purposes. *See, e.g.*, *Lozada*, 19 I. & N. Dec. at 639 (explaining that "[t]he high standard announced here is necessary if we are to have a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before the Board" and "the potential for abuse is apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations"). Furthermore, the decisions that excuse compliance with *Lozada* involve ineffective assistance that is ap-

parent from the record. *See, e.g., Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1227 (9th Cir. 2002) (petitioners relieved from complying with *Lozada* where record established that counsel failed to timely file applications for suspension of deportation). Without any response to Marinov's allegations by former counsel (such as an admission that counsel misrepresented the facts), it cannot be said that counsel's representations at the hearing constituted per se ineffectiveness.

### III.  Conclusion

The Board did not abuse its discretion in upholding the IJ's denial of Marinov's motion to reopen. We DENY the petition for review.