NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 29, 2010
Decided April 5, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1950

| | | |
|---|---|---|
| SULEMAN MERCHANT, | | |
| | *Petitioner,* | On Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | | |
| | | A093-469-217 |
| ERIC H. HOLDER, JR., Attorney General of the United States, | | |
| | *Respondent.* | |

**ORDER**

Suleman Merchant, a citizen of Pakistan, maintains that the Board of Immigration Appeals should have granted his third motion to reopen his case for several reasons. We conclude that the BIA did not abuse its discretion when it denied his motion. Although he maintains that the deadline for his late motion to reopen should be equitably tolled in light of the alleged ineffectiveness of his first attorney, the BIA reasonably found that Merchant did not act with due diligence because he did not present this claim for nearly a year and a half after learning of it. Next, the presentation of false documentation to the BIA did not prejudice Merchant

because the BIA denied his request for entirely unrelated reasons. Finally, the BIA did not abuse its discretion when it determined that Merchant had not provided evidence of changed circumstances in Pakistan that were material to his claim for asylum, withholding of removal, or relief under the Convention Against Torture. We deny the petition for review.

## I.  BACKGROUND

Suleman Merchant arrived in the United States from his native Pakistan on October 9, 1990. He overstayed his six-month visa and has remained in the United States ever since. In 2000, he married Sadaf Siddiqui, and they have two United States citizen children. Merchant is a Shia Ismaili Muslim, and his wife is a Sunni Muslim.

Merchant and his wife moved to South Carolina after their marriage. On April 30, 2001, New Generations, a clothing store in South Carolina, filed a labor certification application on Merchant's behalf for his work as a tailor. Merchant and his family relocated to Chicago late the next year. In 2003, the  United States Department of Homeland Security ("DHS") required males over the age of sixteen from certain countries, including Pakistan, to appear and register through the National Security Entry-Exit Registration System.

Merchant reported for the special registry in April 2003. DHS served him with a Notice to Appear and started him in removal proceedings for overstaying his visa. Attorney Guy Croteau appeared with Merchant before an immigration judge on August 27, 2003. Through Croteau, Merchant conceded his removability. Croteau also informed the judge of Merchant's pending labor certification filed in 2001 by New Generations. On March 24, 2004, Merchant filed an application for cancellation of removal based on hardship to his United States citizen son. (His daughter had not yet been born.) A few months later, New Generations informed Merchant that it was withdrawing its labor certification application filed on his behalf. Merchant informed Croteau, who advised him that his only remaining option for staying in the United States was to apply for cancellation of removal.

Merchant asserts that before his final hearing on April 26, 2006, Croteau told him the immigration judge was unlikely to accept his application for cancellation of removal and that his best option was to request voluntary departure. Through Croteau, Merchant did just that, and at the hearing he withdrew his request for cancellation of removal. Instead, he requested voluntary departure. The immigration judge granted Merchant's request for voluntary departure and set August 24, 2006 as the departure deadline. Croteau filed a motion to reopen with the immigration judge, requesting adjudication of Merchant's application for cancellation of removal based on hardship to his United States citizen son. The immigration judge denied the motion, and the BIA affirmed that ruling. Merchant did not leave the United States by his voluntary departure deadline.

On October 11, 2008, Merchant was arrested for speeding and placed in jail in light of the warrant for his removal. While Merchant was in custody (he was released on July 6, 2009), his wife met with another attorney, who advised her to file a complaint against attorney Croteau with the Illinois Attorney Registration and Disciplinary Committee for giving him inadequate legal assistance. The attorney also suggested that Merchant apply for asylum. Merchant's wife consulted with another attorney as well, who also advised applying for asylum.

In February 2009, Merchant's wife went to the Immigration Law Center, where she spoke with a consultant who was not an attorney but who assisted attorney Raymond Sanders. At a subsequent meeting with the consultant, Merchant's wife says she gave the consultant several fraudulent documents she had obtained from Merchant's nephew that falsely stated Merchant had been kidnaped at gunpoint and beaten in Pakistan in 1989 because he was Muslim. On March 26, 2009, Sanders filed a motion to reopen with the BIA on Merchant's behalf. The motion requested reopening to file for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT") on the basis of past persecution (the kidnaping and beating). The Board denied the motion because it was untimely and Merchant had not shown changed circumstances in Pakistan. The BIA's decision did not mention Merchant's past persecution claim.

Merchant says that he later learned about a federal investigation into the consultant. With new counsel, Merchant filed a third motion to reopen with the Board asserting ineffective assistance of counsel by attorneys Croteau and Sanders, as well as changed country conditions in Pakistan. The Board denied this motion to reopen as well. Merchant then filed a petition for review with this court.

## II. ANALYSIS

Merchant argues that the Board abused its discretion when it denied his third motion to reopen. He maintains that two of his previous attorneys rendered him ineffective assistance of counsel in his removal proceedings. He also seeks reopening to apply for asylum, withholding of removal, and CAT protection on the basis of changed circumstances in Pakistan.

### A. Claim of Ineffective Assistance for Failure to File Application for Cancellation of Removal

Merchant argues that attorney Croteau provided ineffective assistance by withdrawing the cancellation of removal request and by failing to prepare and file his cancellation application, and that his motion to reopen should have been granted on this basis. Because there is no constitutional or statutory right to effective assistance of counsel in immigration proceedings, a motion to reopen based on ineffective assistance is only a request for a favorable exercise of the agency's discretion. *Jezierski v. Mukasey*, 543 F.3d 886, 888 (7th Cir. 2008).

As an initial matter, we have no jurisdiction to review an order denying cancellation of removal, except if constitutional claims or questions of law are raised. 8 U.S.C. § 1252(a)(2)(D); *Cruz-Mayaho v. Holder*, 698 F.3d 574, 576-66 (7th Cir. 2012). Because we generally lack jurisdiction to review orders denying cancellation of removal, we also lack jurisdiction to review a motion to reopen such an order, so long as "the agency's rationale for denying the procedural request also establishes the petitioner's inability to prevail on the merits of his underlying claim." *Calma v. Holder*, 663 F.3d 868, 867 (7th Cir. 2011). Review is possible, for example, when coupled with a request for relief such as asylum that is reviewable. *Id.* To the extent Merchant is asserting that his claim of Croteau's ineffective assistance impacts only the cancellation of removal request, we lack jurisdiction to review it because Merchant does not raise a constitutional or legal question. *See id.* In any event, to the extent we have jurisdiction, our review is for abuse of discretion, *id.*, and Merchant is not entitled to relief on this basis.

The BIA has established threshold requirements for bringing an ineffective assistance of counsel claim. The petitioner must submit an affidavit establishing that he had an agreement with counsel to represent him, as well as the terms of representation; the petitioner must present evidence that he informed counsel of the allegations against him and gave an opportunity to respond; and there must be a statement indicating whether a complaint has been filed against appropriate disciplinary authorities and if not, why not. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988); *see Marinov v. Holder*, 687 F.3d 365, 368 (7th Cir. 2012). As Merchant emphasizes, he complied with the *Lozada* requirements. But whether Croteau committed ineffective assistance of counsel is not the issue, because the BIA did not deny Merchant's request to reopen on the basis that Croteau provided adequate counsel or that Merchant failed to meet the *Lozada* requirements. So this case is unlike *Sanchez v. Keisler*, 505 F.3d 641 (7th Cir. 2007), to which Merchant points, because there the BIA reached the merits of the petitioner's claim of ineffective assistance of counsel. Here, however, the BIA denied the request to reopen based on Croteau's alleged ineffective representation because it concluded that Merchant did not act with due diligence in presenting this claim.

A motion to reopen must be filed within ninety days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Merchant argues that his attorney's ineffective assistance should toll this deadline. But to benefit from equitable tolling, a petitioner must show that he exercised due diligence and that he could not have reasonably been expected to file his motion earlier. *El-Gazawy v. Holder*, 690 F.3d 852, 859 (7th Cir. 2012); *Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007). The BIA denied Merchant's first motion to reopen his case on November 26, 2006. Nearly two years later, when immigration authorities detained Merchant in October 2008, his wife consulted a new attorney on his behalf, and that attorney advised then that Merchant should file a complaint with the Illinois Attorney Registration and Disciplinary Commission because attorney Croteau had not handled Merchant's case properly. Although Merchant had knowledge of Croteau's deficient performance in October 2008, Merchant did not move to reopen his case until March 2010, almost a year and a half later. In light of this delay, the Board

did not abuse its discretion when it determined that Merchant failed to act with due diligence in discovering and presenting his motion to reopen based on Croteau's representation. *See El-Gazawy*, 690 F.3d at 859-60.

### B. No Prejudice from False Claim in Second Motion to Reopen

Merchant also contends that the BIA should have allowed him to reopen his case on the basis of ineffective assistance by attorney Sanders in filing his second motion to reopen. His motion to reopen also sought relief in the form of asylum, withholding of removal, or protection under CAT. Merchant asserts that Sanders presented a false claim of past persecution in the motion to reopen that Sanders filed with the BIA on March 26, 2009 (Merchant's second motion to reopen) and that its inclusion prejudiced him. That motion falsely stated that in 1989, Merchant was kidnaped and beaten in Pakistan at gunpoint by a group of Sunni Wahbi Muslims because Merchant was Ismaili Muslim. Merchant's wife provided the documents giving rise to the claim, and she admitted that she thought they were fake documents.

As the BIA recognized, the allegation that an attorney knowingly asserted a false claim in a motion to reopen is very troubling if it is true. Merchant filed a complaint with the Illinois Attorney Registration and Disciplinary Commission, and that agency is well-equipped to handle any discipline. (As Merchant notes in a filing, it has disciplined and suspended attorney Croteau, for conduct unrelated to this case.) Sanders's filing does not warrant reopening here, however, because Merchant has not demonstrated any prejudice from the false claim's filing. The BIA denied his second motion to reopen on the basis of untimeliness and a failure to demonstrate changed circumstances in Pakistan that materially affected his eligibility for relief. The BIA did not mention the past persecution claim, kidnaping or beating in its order. The false documents therefore were not material to the decision and did not prejudice him. *See Kadia v. Gonzales*, 501 F.3d 817, 821 (7th Cir. 2007) ("the doctrine of harmless error is applicable to judicial review of immigration decisions").

### C.  No Changed Circumstances Materially Affecting Merchant's Entitlement to Relief

Merchant also argues that changed circumstances in Pakistan since his last hearing warrant reopening of his case. As we indicated, in general, a motion to reopen must be filed within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The ninety-day deadline does not apply to a motion to reopen for the purpose of applying for asylum, withholding of removal, or Convention Against Torture relief where the motion is based on evidence of "changed country conditions arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 U.S.C. § 1229a(c)(7)(C)(ii).  To succeed, Merchant needed to point to evidence materially relevant to his asylum application that was unavailable or undiscoverable at the time of his hearing in 2006.

*See Moosa v. Holder*, 644 F.3d 380, 383 (7th Cir. 2011). And to be eligible for asylum, he would need to establish that he was a "refugee," meaning that he had a well-founded fear of future persecution attributable to his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B); *Moosa*, 644 F.3d at 383.

Merchant maintains that he fears persecution based on his religion or the fact that he is Ismaili Muslim and is married to a Sunni Muslim. The BIA recognized disturbing acts of sectarian violence occurring in Pakistan, including against Shi'a Muslims, though it noted that fear based on general strife was not sufficient. *Cf. Moosa*, 644 F.3d at 383 (finding that evidence of broad social strike in Pakistan, including rise of Taliban and adoption of Shaira law, occurring far from her hometown too speculative to warrant relief). With respect to his fear of persecution on account of his religion, Merchant quotes the United States Department of State's 2009 International Religious Freedom statement that Ismaili Muslims, a minority sect of Muslim Shias, "were the objects of resentment of Sunni Muslims due to their comparative economic well-being. Ismailis reported they frequently faced societal pressure to adopt conservative Islamic practices or risk being socially ostracized." But as the BIA correctly stated, being subjected to discrimination and to being socially ostracized does not rise to the level of persecution. *See Stanojkova v. Holder*, 645 F.3d 943, 947-49 (7th Cir. 2011)

Regarding his fear of persecution on the basis of his marriage to a Sunni Muslim, the BIA stated he had not pointed to any specific evidence to substantiate his claim of a material change in treatment that would rise to the level of a well-founded fear of future persecution. For example, a Canadian report to which he points, even if it helped him, discusses "interreligious" marriages that predate his April 2006 hearing. He also points out that his marriage may not be recognized in Pakistan and that he and his wife were discriminated against by their own families, but such treatment does not rise to the level of persecution. *See id.* Merchant also asserts that he will face persecution in Pakistan as a member of the asserted social group of "people who want to raise their children as Sunnis and Shias" and "Pakistanis with U.S. citizen children." The Board concluded that Merchant had not shown these groups constituted social groups for purposes of the immigration laws, and that in any event he did not show he reasonably faces persecution because of his membership in such groups. The Board did not abuse its discretion in the latter determination either. *Cf. Moosa*, 644 F.3d at 387 (denying petition for review of woman who asserted serious risk of persecution in Pakistan as a single Westernized woman).

Merchant also claims it is more likely than not that he will be tortured in Pakistan because the Pakistani government acquiesces in sectarian violence against Shia groups. The BIA reasonably concluded that the evidence submitted does not demonstrate that Merchant meets the high threshold of showing he faces a likelihood of torture. *See Selimi v. Ashcroft*, 360 F.3d 736, 741 (7th Cir. 2004). For example, the June 2008 Amnesty International report Merchant

submitted in support of his claim discusses allegations of torture of suspected terrorists by the Pakistani security services, but Merchant is not a terrorist.

Finally, Merchant also argues that the Board should have *sua sponte* reopened his case to request cancellation of removal pursuant to 8 C.F.R. § 1003.2(a). We have stated before that we lack jurisdiction to review the BIA's failure to reopen a case *sua sponte*, Johnson *v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007), and we decline to revisit that conclusion in this case. For the foregoing reasons, the BIA did not abuse its discretion when it denied Merchant's third motion to reopen.


### III.  CONCLUSION

The petition for review is DENIED.