**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 18, 2014
Decided December 29, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3591

| | |
|---|---|
| ARMANDO VARGAS-TORRES,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A200-558-570 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Armando Vargas-Torres, a 31-year-old Mexican citizen, petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's decision ordering his removal and denying his request for a continuance. Before the Board, Vargas-Torres sought relief from his prior counsel's ineffective assistance in failing to apply for cancellation of removal. But Vargas-Torres did not follow the required procedural steps for pursuing an ineffective-assistance claim in an immigration

proceeding, and the IJ did not abuse his discretion in denying the motion for a continuance, so we deny the petition for review.[1]

Vargas-Torres testified before the IJ that he entered the United States in either 2000 or 2001 without inspection. He has since had two children born in the United States. He came to the Department of Homeland Security's attention after he was arrested for the fifth or sixth time for driving without a license. In January 2011, DHS issued a Notice to Appear, charging him as removable as an alien present in the United States without being admitted or paroled.

Vargas-Torres's removal hearing was marked by delays and continuances. When he appeared at his initial hearing without his retained attorney, Jaime Barragan, the IJ granted a continuance. Three months later Vargas-Torres returned, this time accompanied by Barragan, who requested an additional continuance to prepare an application for cancellation of removal based on the hardship Vargas-Torres's United States-citizen children would experience if he were removed, *see* 8 U.S.C. § 1229b(b). Because cancellation of removal requires the alien to have accrued ten years' continuous presence in the United States, the IJ asked Vargas-Torres how long he had lived in the country. He replied "about ten years." When the IJ asked for a specific date of entry, he replied, "February the 25th of 2001"—a date nine years and eleven months before his receipt of the Notice to Appear. The IJ pointed out that this date fell short of satisfying the ten-year requirement but granted Vargas-Torres another continuance to discuss the matter further with his attorney. The IJ told Vargas-Torres that, if he still wished to apply for cancellation, he would need to bring a completed application and evidence to the next hearing.

At the next hearing more than three months later, Vargas-Torres, who was again accompanied by Barragan, appeared without a completed application and evidence. He requested a third continuance so that he could collect evidence relating to his arrival in the United States. The IJ reminded Vargas-Torres that the hearing's purpose was to

---

[1] On November 20, 2014, after oral argument in this case, President Barack Obama announced an executive action on immigration to defer removal of certain aliens unlawfully in the United States. *See* DEPARTMENT OF HOMELAND SECURITY, EXERCISING PROSECUTORIAL DISCRETION WITH RESPECT TO INDIVIDUALS WHO CAME TO THE UNITED STATES AS CHILDREN AND WITH RESPECT TO CERTAIN INDIVIDUALS WHO ARE THE PARENTS OF U.S. CITIZENS OR PERMANENT RESIDENTS (2014). We express no opinion on Vargas-Torres's eligibility for deferred removal.

submit a completed application, and that he could not consider any request for cancellation of removal without an application. The IJ denied Vargas-Torres's third request for a continuance and denied his request for cancellation of removal, treating it as abandoned because Vargas-Torres did not submit a completed application. The IJ did however grant Vargas-Torres voluntary departure.

Vargas-Torres then retained new counsel and appealed to the Board of Immigration Appeals challenging the denial of his third request for a continuance and the denial of his request for cancellation of removal. He argued that Barragan had rendered ineffective assistance. Barragan, he said, had been paid for his services but failed to apply on his behalf for cancellation of removal. Vargas-Torres conceded that he had not complied with two of the three procedural requirements under *Matter of Lozada* for filing a claim of ineffective assistance of counsel, *see* 19 I. & N. Dec. 637, 639 (BIA 1988), but argued for an exception in this case because Barragan's ineffectiveness was clear from the record. He also argued that the IJ abused his discretion in denying his third request for a continuance.

The Board upheld the IJ's decision. Regarding the ineffective-assistance claim, the Board explained that no exception applied: Vargas-Torres failed to comply with two of the *Lozada* requirements (he did not provide Barragan with notice and an opportunity to respond, nor did he file a complaint with disciplinary authorities or explain why he had not done so, *see id.*); and we have consistently required strict compliance with those requirements. The Board also noted that Vargas-Torres had not shown prejudice arising from the allegedly deficient representation. As for the denial of the request for a continuance, the Board determined that the immigration court acted within its discretion in refusing to grant an additional continuance, having already granted a continuance to allow Vargas-Torres time to prepare an application for cancellation.

In this petition Vargas-Torres first challenges the Board's ruling that no exception excuses his failure to comply with *Lozada*'s procedural requirements. He urges us to adopt the Ninth Circuit's reasoning that an exception applies to the procedural requirements when prior counsel's ineffective assistance is clear from the record. *See Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1226–27 (9th Cir. 2002); *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000).

The Board properly rejected Vargas-Torres's ineffective-assistance claim because, unlike the Ninth Circuit, we have repeatedly declined to adopt an exception to the *Lozada* requirements for per se ineffectiveness. *See Marinov v. Holder*, 687 F.3d 365, 368–

70 (7th Cir. 2012); *Lin Xing Jiang v. Holder*, 639 F.3d 751, 755 (7th Cir. 2011); *Stroe v. I.N.S.*, 256 F.3d 498, 503–04 (7th Cir. 2001). Satisfying *Lozada*'s procedural requirements, we have held, is necessary to screen the many ineffective assistance claims that the Board sees, discourage baseless allegations, police the quality of the immigration bar, and ensure that attorneys are able to defend attacks against their integrity and competence. *Patel v. Gonzales*, 496 F.3d 829, 831–32 (7th Cir. 2007); *Stroe*, 256 F.3d at 504. In any event, without any explanation by Barragan for his actions, it is not apparent from the record that his representation was per se ineffective. *See Marinov*, 687 F.3d at 370.

Vargas-Torres also challenges the Board's finding that he was not prejudiced by his attorney's alleged ineffective assistance. He contends that he "alerted" the IJ and the Board of his belief that he met the continuous-presence requirement for cancellation, and that his United States-citizen children will suffer hardship if he were removed. Thus he "would very likely succeed," he says, if he were allowed to apply for cancellation of removal.

The Board correctly determined that Vargas-Torres has not established prejudice, because he has not shown he could have succeeded on the merits of his removal claim. *See Bathula v. Holder*, 723 F.3d 889, 903 n.34 (7th Cir. 2013); *Rapheal v. Mukasey*, 533 F.3d 521, 533 (7th Cir. 2008). He points to no evidence showing that he was continuously present in the United States for ten years before he received his notice to appear, *see* 8 U.S.C. § 1229b(b)(1)(A), (d)(1); *Adame v. Holder*, 762 F.3d 667, 669 (7th Cir. 2014), or any evidence that his removal would cause hardship to his United States-citizen children that is "exceptional and extremely unusual," *see* 8 U.S.C. § 1229b(b)(1)(D); *Adame*, 762 F.3d at 669. A bald assertion that his children would suffer hardship if he left does not show how that hardship would be *unusual*, and speculation alone is insufficient to show eligibility for cancellation. *See El-Gazawy v. Holder*, 690 F.3d 852, 860 (7th Cir. 2012).

Finally, Vargas-Torres argues that the Board incorrectly ruled that the IJ did not abuse his discretion by denying his request for a continuance when he had requested only one prior continuance and presented no danger to the community. But the IJ acted well within his discretion in denying Vargas-Torres's *third* request for a continuance. An IJ's decision to deny a motion for a continuance will not be upset unless the decision was made without explanation, departed from established policies without reason, or rested on an impermissible basis such as racial discrimination. *Calma v. Holder*, 663 F.3d 868, 878 (7th Cir. 2011).

The Board correctly determined that the IJ adequately explained his reasons for denying Vargas-Torres's motion—he had set a deadline for applying for cancellation of removal, but Vargas-Torres appeared on that date without an application or any evidence of eligibility. In addition, Vargas-Torres's assertion that he had requested only one continuance previously is incorrect; he had already been granted two continuances, including one for the express purpose of preparing an application for cancellation of removal.

Accordingly, we deny the petition for review.