NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 27, 2015

Decided December 15, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

COLIN S. BRUCE, *District Judge**

| | |
|---|---|
| No. 15-1778 | Petition for Review from the United States Board of Immigration Appeals. |
| AMMAR MOUSA, | |
| *Petitioner,* | |
| v. | |
| | No. A089-554-590 |
| LORETTA E. LYNCH, U.S. ATTORNEY GENERAL, | |
| *Respondent.* | |

## ORDER

Petitioner, Ammar Mousa, is a stateless Palestinian.  He was born in Jordan and grew up in the West Bank.  On, or about, August 5, 2006, Petitioner traveled from Jordan and was admitted to the United States as a non-immigrant student to attend Moraine Valley Community College in Palos Hills, Illinois.  Petitioner stopped attending college on May 18, 2007, and filed a Form I-589 Application for Asylum and for Withholding of Removal,

---

* Of the Central District of Illinois, sitting by designation.

with the Department of Homeland Security (DHS). DHS did not grant Petitioner's application and initiated removal proceedings against him by filing a Notice to Appear with the Chicago Immigration Court.

The Immigration Judge (IJ) granted Petitioner two substantial continuances to obtain evidence to corroborate his claims. After those two continuances, Petitioner's first attorney ceased her representation, citing Petitioner's failure to secure any evidence and his unwillingness to cooperate. Eventually, Petitioner obtained another attorney who asked for a third continuance to produce evidence. The IJ denied the third continuance, noting that Petitioner had already been given ample time to obtain evidence to support his claim. A hearing on Petitioner's claims was held on March 8, 2012.

Following the hearing, the IJ issued an order denying Petitioner's Application for Asylum and for Withholding of Removal. The IJ also denied Petitioner's request for protection under the Convention Against Torture (CAT). The IJ ordered that Petitioner be removed to Jordan. Although the judge found Petitioner credible, she concluded that his testimony was insufficient to meet his burdens of proof.

Petitioner appealed the IJ's order to the Board of Immigration Appeals (BIA), challenging: (1) the denial of his application for asylum and for withholding removal and his request for protection under CAT; (2) the denial of his third motion to continue; and (3) the designation of Jordan as the country of removal. The BIA dismissed the appeal.

Petitioner has now filed a petition for review with this court challenging the BIA's dismissal. Petitioner raises three issues: (1) whether he received ineffective assistance of counsel before the IJ; (2) whether he met his burdens of proof for asylum and for withholding of removal or protection under CAT; and (3) whether the IJ erred in designating Jordan as the country of removal.

Where, as here, the BIA's decision adopts and affirms the IJ's conclusion and also provides its own analysis, we review both the IJ's decision and the additional reasons supplied by the BIA. *Bathula v. Holder*, 723 F.3d 889, 897 (7th Cir. 2013). Our standard of review for legal questions is de novo; however, we defer to the Board's factual findings and reverse only if the record lacks substantial evidence to support the factual conclusions. *Vahora v. Holder*, 626 F.3d 907, 912 (7th Cir. 2010).

Initially, this court notes that Petitioner's claim of ineffective assistance of counsel is foreclosed since Petitioner failed to raise this issue before the BIA. Pursuant to 8 U.S.C. § 1252(d)(1), a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." Importantly, Petitioner's ineffective assistance claim stems from counsel's alleged mistakes before the IJ. Because Petitioner did not raise the issue of ineffective assistance before the BIA, that issue is unexhausted and we cannot consider it. See *Marinov v. Holder*, 687 F.3d 365, 369 (7th Cir. 2012).

Petitioner makes two arguments regarding his claim that the BIA erred in finding that he had not met his burdens of proof for asylum and for withholding of removal or protection under CAT. First, Petitioner argues that the IJ erred in determining that Petitioner's testimony was too vague. We do not agree. Petitioner's testimony contained only vague references to encounters with Israeli authorities. As the BIA noted, Petitioner testified that he had been jailed "more than once," but never described actually being jailed. Petitioner's testimony of arrests only related to instances where he was interrogated in a room and an incident where he was interrogated outside his school. The latter incident took place after Petitioner was caught throwing rocks at Israeli soldiers. He also claimed that he would be stopped every time he encountered a checkpoint and would always be interrogated, however, he only described one time this actually occurred. After reviewing the evidence presented by Petitioner, we cannot conclude that the IJ erred in its determination that Petitioner's testimony was too vague to support his burdens of proof.

Second, Petitioner argues that he did not need corroborating evidence to meet his burdens, especially since the IJ found his testimony credible. However, it was within the IJ's authority to demand corroborating evidence. See *Rapheal v. Mukasey*, 533 F.3d 521, 527 (7th Cir. 2008). This is true even when the IJ finds a petitioner's testimony credible. See *Id*; *Darinchuluun v. Lynch*, — F.3d — (7th Cir. 2015).

Under the REAL ID Act, once an IJ "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). A decision by the IJ that corroboration is necessary is reviewed deferentially and cannot be reversed unless the court finds that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable. 8 U.S.C. § 1252(b)(4).

Here, Petitioner claims that it would have been impossible to obtain hospital and arrest records to support his claim. However, as the BIA noted, Petitioner did not attempt to obtain any evidence from the hospital. Therefore, Petitioner does not have a reasonable explanation for the lack of corroboration. See *Rapheal*, 533 F.3d at 529 (noting that an applicant cannot show evidence is not reasonably obtainable if no attempt has been made to obtain it). Further, Petitioner did not make a persuasive explanation for his lack of corroborating declarations from family members and friends. Because Petitioner did not attempt to obtain certain evidence and failed to show a compelling reason why other evidence was unavailable, this court concludes that the IJ and BIA did not err in determining that corroborating evidence was necessary.

Petitioner's final contention before this court is that the IJ erred in designating Jordan as the country of removal. Because Petitioner did not designate a country of removal, the IJ designated Jordan. This designation was appropriate since Petitioner departed from

Jordan before he came to the United States and was born in Jordan. See 8 U.S.C. § 1231(b)(2)(E)(ii), (iv).  Although Petitioner claims that he will be detained upon arrival in Jordan, the record does not support that contention.  Therefore, this court does not find error with the designation of Jordan as the country of removal.

Based upon the foregoing, the petition for review is DENIED.