NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 25, 2018
Decided June 5, 2018

*Before*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2758

| | |
|---|---|
| XIU JUAN ZHANG, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A078 848 829 |
| | |
| JEFFERSON B. SESSIONS III, | |
| Attorney General of the United States, | |
| *Respondent*. | |

## O R D E R

Xiu Juan Zhang, a Chinese citizen, petitions for review of the denial of her third motion to reopen her immigration proceedings based on ineffective assistance of counsel dating back to her merits hearing in 2003. The Board of Immigration Appeals denied the motion as untimely and in excess of the permissible number of motions to reopen. The Board did not abuse its discretion in denying the motion because Zhang did not exercise due diligence in raising her claim, so we deny the petition for review.

Zhang, a 42-year-old woman from Fujian province, came to the United States in 2001. She was detained at O'Hare Airport after presenting a false U.S. passport under a

false name. Zhang later explained that she was given the passport from "snakeheads" who told her it was a Vietnamese passport. At the airport, Zhang said that she had fled China because the police knew that she recruited people to practice Falun Gong. Zhang was charged with arriving in the United States without valid entry documents, 8 U.S.C. § 1182(a)(7)(A)(i)(I), seeking to enter the United States by fraud or by willful misrepresentation of material facts, § 1182(a)(6)(C)(i), and falsely representing herself to be a citizen of the United States, § 1182(a)(6)(C)(ii).

At removal proceedings before Immigration Judge Vinikoor, Zhang's attorney Nancy Carper conceded inadmissibility and admitted the charges. Carper later filed an asylum application for Zhang based on her involvement with Falun Gong. The IJ denied Zhang's application, finding her testimony incredible. At some point Carper stopped representing Zhang, who retained new counsel, Gary Yerman. Both Yerman and Zhang asserted by affidavit that Carper told Zhang that she would handle the appeal; Carper, however, never filed a brief. The Board allowed Zhang to file her brief late but ultimately upheld the IJ's ruling, agreeing with the IJ that significant discrepancies supported an adverse credibility finding and that Zhang failed to corroborate her claim.

Since her appeal was dismissed in 2006, Zhang has filed three motions to reopen. The first motion, filed five months after her appeal was dismissed, argued that her circumstances had changed because she had given birth to two children while in the United States (she said she feared she would be forcibly sterilized if returned to China). The Board determined that her claim was precluded by its own case law, as well as this court's precedent, and denied the motion to reopen. Five years later, represented by attorney Ai Tong, Zhang filed a second motion to reopen based again on changed circumstances—her recent political activity in the United States with the Chinese Democracy Party, an organization banned in China. The Board denied this motion because her activities amounted to a change in personal circumstances and did not constitute changed country conditions "in the country of nationality."

In 2017 Zhang, assisted by attorney Daniel Meyer, filed her third motion to reopen based on a claim of ineffective assistance of counsel (this motion is the subject of the present appeal). Zhang argued that, at her removal proceedings in 2003, attorney Carper had admitted the government's charges without first informing her of the nature and consequences of those admissions. Zhang sought reopening to rescind her admission of the false-claim-of-citizenship charge that now prevents her from obtaining relief from removal—specifically adjustment of status based on her marriage to a U.S.

citizen—and renders her permanently inadmissible to the United States. Zhang asserts that she had learned only recently that Carper was suspended and disbarred in 2006 from practicing law both in Illinois and before the Executive Office of Immigration Review.

The Board denied Zhang's third motion to reopen on grounds that she failed to demonstrate that her counsel was ineffective or that she, Zhang, had exercised due diligence in raising her claim. In the Board's view, Zhang should have discovered Carper's alleged ineffective assistance when she was furnished a transcript of her hearing at the time she appealed. The Board declined to exercise its sua sponte authority to reopen her case because she had not presented any evidence to support her claim that her family would suffer extreme hardship were she removed.

Noncitizens may file just one motion to reopen immigration proceedings, and that motion must be submitted within 90 days after the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). These limits are subject to statutory exceptions and the doctrine of equitable tolling. *See Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015); *Ji Cheng Ni v. Holder*, 715 F.3d 620, 623 (7th Cir. 2013) (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)). To receive the benefit of equitable tolling based on counsel's ineffective assistance, the petitioner must show that she exercised "due diligence in seeking relief." *See Yusev v. Sessions*, 851 F.3d 763, 767 (7th Cir. 2017). This court reviews the Board's denial of a motion to reopen for abuse of discretion, which occurs if the decision lacks a "rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." *Marinov v. Holder*, 687 F.3d 365, 368 (7th Cir. 2012).

Zhang contends that the Board erred in refusing to reopen her case because she exercised due diligence in trying to fix Carper's errors as soon as she learned of them. Zhang disagrees with the Board's determination that she should have known about Carper's mistakes when she received a copy of the transcript of her hearing more than 10 years ago because she had "no reason to look into the issue of pleadings" until she sought to adjust her status based on her marriage.

The Board acted within its discretion in finding that Zhang did not exercise due diligence in raising her claim. She is not correct that the Board's assessment of her diligence starts with the steps she took upon learning in 2016 that she could not adjust her status because of Carper's concessions. Her diligence is measured from the time when she became "aware of the possibility" that she had suffered an injury. *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006) (concluding that petitioner's duty of inquiry

was triggered when she learned that her attorney's error resulted in her sister's deportation order and they were both derivative beneficiaries of the same asylum application). Zhang may not have known specifically that Carper's admissions of the charges would later doom her adjustment-of-status application, but she did know in 2006 that Carper was ineffective once Carper failed to file an appellate brief on her behalf. Given that her duty of inquiry arose long before 2017, the Board therefore did not err in finding that Zhang reasonably could have been expected to file earlier. Zhang might have fared better had she argued that the two successive attorneys she hired to represent her on appeal and in her first two motions to reopen were themselves ineffective for not pursuing Carper's ineffectiveness. *See Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (applying equitable tolling to petitioner's untimely claim that his first attorney provided ineffective assistance because two intervening attorneys did not identify or explain first lawyer's ineffectiveness). But since she did not make that argument, she has not provided a reason why she could not have brought her claim about Carper's ineffective assistance earlier.

Zhang further argues that her case should be reopened so that she can rescind her admission that she made a false claim to United States citizenship, 8 U.S.C. § 1182(a)(6)(C)(ii), which deems inadmissible any noncitizen who falsely claims American citizenship. Zhang says that the charge was "wrongfully sustained" and points to agency guidance explaining that the inadmissibility charge should be applied only where the noncitizen "knows that he or she was not a U.S. citizen," United States Customs and Immigration Service Adjudicator's Field Manual, 40.6(c)(2)(B)(i), or where the representation was "knowingly false," State Department Foreign Affairs Manual, 40.63 N11(b)(1). Zhang says that she could not have made the false claim knowingly because she thought that the passport was Vietnamese, not American. But we may not decide this question. The Board did not address this issue, and this court does not reach issues that are entrusted to the agency that the agency itself has not addressed in the first instance. *See Gonzales v. Thomas*, 547 U.S. 183, 186 (2006); *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002).

Last, Zhang argues generally that "the permanent consequences of [the inadmissibility charge] and the actual circumstances surrounding [her] entry to the United States compel reopening of the proceedings in the interest of justice." We understand this to be an argument that the Board should have exercised its sua sponte authority. (The government understood the same.) But if that is Zhang's argument, we may not review it, no matter how compelling her personal circumstances. The Board's authority to reopen a case sua sponte is a discretionary power that is not reviewable by

courts of appeals. *Anaya–Aguilar v. Holder,* 683 F.3d 369, 371–72 (7th Cir. 2012); *Pilch v. Ashcroft,* 353 F.3d 585, 586 (7th Cir. 2003).

The petition for review is DENIED.