[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15001
Non-Argument Calendar
_____

Agency No. A216-428-014


BERERLYN VELASQUEZ-GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 22, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Bererlyn Velasquez-Gonzalez appeals a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of her application for asylum, withholding of removal, and Convention Against Torture (CAT) relief.  She also appeals the BIA's denial of her motion to reopen and remand her case to the immigration court, which she made based on the alleged ineffective assistance of her prior counsel during her initial immigration court proceedings.  We hold that we lack jurisdiction to consider Velasquez-Gonzalez's merits-based appeal.  We also hold that the BIA did not abuse its discretion in rejecting her motion to reopen and remand.

## I

In March 2018, U.S. Customs and Border Patrol detained Velasquez-Gonzalez, a Venezuelan citizen, after she attempted to enter the United States at the Atlanta airport without a valid entry document.  The Department of Homeland Security then served Velasquez-Gonzalez with a notice to appear, charging her with removability under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Velasquez-Gonzalez appeared before an immigration judge, who sustained the charge of removability.  Velasquez-Gonzalez then filed an application for asylum, withholding of removal, and CAT protection, asserting persecution based on her political opinion.  At her merits hearing, Velasquez-Gonzalez testified that

2

she had twice been robbed in Venezuela by a government-backed gang. She stated that she feared she would face further persecution if she were forced to return.

In July 2018, the immigration judge issued an oral decision denying Velasquez-Gonzalez's applications and ordering her removed to Venezuela. According to the immigration judge, Velasquez-Gonzalez provided no evidence to corroborate her claims of past persecution and—even if she had—those claims would not rise to the level of harm required to constitute persecution.

Velasquez-Gonzalez then filed a notice of appeal to the Board of Immigration Appeals through new counsel. On appeal, Velasquez-Gonzalez did not contest the merits of the immigration judge's decision, but argued that her application for asylum and CAT protection should be reopened and remanded to the immigration court due to the ineffective assistance of her prior counsel, whom Velasquez-Gonzalez alleged failed to properly advise her or present her corroborating evidence to the immigration judge.

The Board of Immigration Appeals (BIA) affirmed the immigration judge's decision based on two holdings. First, the BIA agreed with the immigration judge that Velasquez-Gonzalez did not present evidence of past persecution in Venezuela and had not demonstrated a sufficient likelihood of future persecution based on her political opinion. Second, the BIA refused to remand Velasquez-Gonzalez's claim to the immigration court because she had not satisfied the procedural requirements

for ineffective-assistance-of-counsel claims, which the BIA had laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1998).  Velasquez-Gonzalez appealed that decision to this court.

## II

Velasquez-Gonzalez makes two arguments on appeal.  First, she alleges that the BIA improperly affirmed the immigration judge's determination that she had not demonstrated a well-founded fear of persecution.  According to Velasquez-Gonzalez, the immigration judge's decision rested on an improper adverse credibility determination and an erroneous review of the record.  Second, Velasquez-Gonzalez argues that the BIA improperly applied the *Lozada* standard and should have remanded the case to the immigration court based on the ineffective assistance of her prior counsel.  We consider each argument in turn.

## A

First, Velasquez-Gonzalez's merit-based claims.  We review *de novo* our jurisdiction over a petition for review.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  We lack jurisdiction to review any claim as to which the petitioner has failed to exhaust his or her administrative remedies.  *Id.*  If an alien does not raise a claim before the BIA, therefore, we lack jurisdiction to consider that claim in the alien's petition for review.  *Id.*; Immigration and Nationality Act § 242(d)(1), 8 U.S.C. § 1252(d)(1).

Velasquez-Gonzalez failed to present to the BIA either of the merits-based claims she now presents to us—in particular, her claims that the immigration judge's conclusion that she had not presented sufficient evidence of persecution was based on an improper adverse credibility determination and an erroneous review of the record. In fact, in her brief before the BIA, Velasquez-Gonzalez stated the opposite of those claims, noting that "it is eviden[t] on the face of the record [that] the immigration judge's decision denying [Velasquez-Gonzalez's requested] relief *was not erroneous[,] as [her] asylum filing was devoid of any supporting documentation that would have supported a meritorious claim of asylum*." Motion to Reopen and Remand at 8 (emphasis added).

In her appeal to the BIA, Velasquez-Gonzalez sought a remand of her case to the immigration court, not a determination that the immigration court had improperly weighed the evidence before it. The fact that the BIA chose to review and affirm the immigration judge's merits determination *sua sponte* does not relieve Velasquez-Gonzalez of the obligation to present her merits-based claims to the BIA before presenting them to us on appeal. *Amaya-Artunduaga*, 463 F.3d at 1250–51. The administrative-exhaustion doctrine exists to ensure that the agency has a "full opportunity to consider a petitioner's claims" and to "allow the BIA to compile a record which is adequate for judicial review." *Id.* at 1250 (quotations omitted). And, as we have held, "[r]eviewing a claim that has not been presented

5

to the BIA, even when the BIA has considered the underlying issue *sua sponte*, frustrates these objectives." *Id.*

We hold, therefore, that we lack jurisdiction to review Velasquez-Gonzalez's arguments challenging the merits of her application for asylum, withholding of removal, and CAT protection.

**B**

Next, we consider Velasquez-Gonzalez's appeal of the BIA's rejection of her motion to reopen and remand the case to the immigration court, which she made based on her prior counsel's alleged ineffective assistance. By now it is well established that aliens enjoy the right to the effective assistance of counsel in deportation proceedings. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999). An alien alleging ineffective assistance of counsel may seek to have his or her case reopened and remanded to the immigration court if the alien can establish that his or her counsel's performance was "deficient to the point that it impinged the fundamental fairness of the hearing." *Id.* (internal quotation marks and citation omitted). We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

In *Matter of Lozada*, the BIA set forth three procedural requirements for filing a motion for relief from an order of removal based on ineffective assistance

of counsel, which must be met prior to BIA review: (1) the motion must be supported by an affidavit from the aggrieved party "attesting to the relevant facts"; (2) the "former counsel must be informed of the allegations and allowed the opportunity to respond," and "[a]ny subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion"; and (3) the motion must "reflect whether a complaint has been made with appropriate disciplinary authorities," and if not, why not.  19 I. & N. Dec. at 639.  We've previously held that the BIA "does not abuse its discretion by filtering ineffective assistance of counsel claims through the screening requirements of *Lozada*." *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1223 (11th Cir. 2003).  A petitioner must at least substantially comply with the *Lozada* requirements.  *Id.* at 1222.

We hold that the BIA did not abuse its discretion in holding that Velasquez-Gonzalez failed to substantially comply with the *Lozada* requirements.  Although Velasquez-Gonzalez filed a complaint against her former attorney with the Georgia State Bar, she appears to concede that she never directly notified him of her allegations or informed him of the BIA proceedings—she only asserts that he had notice and an opportunity to respond to her Georgia State Bar complaint.  We agree with the Seventh Circuit that such notice was insufficient.  *See Marinov v. Holder*, 687 F.3d 365, 369 (7th Cir. 2012).

The purpose of *Lozada*'s notice requirement is to ensure that the BIA has enough information to "assess[] the substantial number of claims of ineffective assistance of counsel that come before [it]." *Lozada*, 19 I. & N. Dec. at 639. By requiring the party alleging ineffective assistance to inform the prior attorney of his or her allegation, *Lozada*'s second requirement gives the prior attorney the opportunity to present his or her side of the story to the BIA.

Velasquez-Gonzalez argues that filing a complaint with the Georgia State Bar was sufficient because the Bar's rules require that it inform attorneys about any complaint made against them. The notice provided by the state bar, however, was ill-suited to serve the purposes underlying *Lozada*'s notice requirement. Even assuming—which may be a stretch—that such notice was received by Velasquez-Gonzalez's prior attorney in time for him to respond to the BIA proceedings, it's unlikely that the state bar would have informed him that the BIA proceedings even existed (Velasquez-Gonzalez's complaint said nothing about them). And even if (somehow) it did, Velasquez-Gonzalez could not in good faith report to the BIA on her prior attorney's "subsequent response" or "failure or refusal to respond"—as *Lozada* requires—because those responses would go to the Georgia State Bar, not her. 19 I. & N. Dec. at 639.

The purpose of the *Lozada* requirements is not simply to ensure that attorneys are informed of their misconduct; it is to ensure that attorneys have the

8

opportunity to provide the BIA with additional facts.  Because Velasquez-Gonzalez's purported notice was insufficient to serve that purpose, we hold that she did not substantially comply with the *Lozada* requirements.  Accordingly, we affirm the BIA's decision to reject Velasquez-Gonzalez's motion to reopen and remand.

## III.

For the foregoing reasons, we hold that we lack jurisdiction to hear Velasquez-Gonzalez's merits-based claims.  We also hold that the BIA did not abuse its discretion in rejecting Velasquez-Gonzalez's motion to reopen and remand.  **PETITION DENIED IN PART AND DISMISSED IN PART.**